## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 20 2017, 9:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony M. Aquino, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 20, 2017 <br><br> Court of Appeals Case No. <br> 02A03-1705-CR-1066 <br><br> Appeal from the <br> Allen Superior Court <br><br> The Honorable <br> John F. Surbeck, Jr., Judge <br><br> Trial Court Cause No. <br> 02D04-1611-F4-87 |

**Kirsch, Judge.**

[1] Following his guilty pleas to two counts of arson[1] as Level 4 felonies, Anthony M. Aquino ("Aquino") was sentenced to consecutive sentences of six years, with five years executed and seven years suspended to probation. On appeal, Aquino contends that his sentence is inappropriate.

[2] We affirm.

## Facts and Procedural History

[3] On November 2, 2016, at 1:17 a.m., Aquino set fire to the dwelling of David Voltz ("Voltz"). Voltz lived at the home with his wife, his granddaughter, Kaitlain Morgan ("Morgan"), and her son, R.A. Aquino was previously in a relationship with Morgan, and R.A. is their son.

[4] When Voltz discovered that the house was on fire, he woke his wife and told her to get Morgan and R.A. out of the house. After using a fire extinguisher to extinguish the fire, he called the fire department to ensure that the fire was fully extinguished.

[5] An hour later, Aquino returned to the house and used lighter fluid to set a second fire. Voltz discovered the fire, got his wife, granddaughter, and her son out of the house. After Voltz extinguished the fire, he again called the fire department to assure that the fire was fully extinguished.

---

[1] *See* Ind. Code § 35-43-1-1(a)(1).

One week later, Aquino admitted setting the two fires, first to Morgan and then to police. He was charged with two counts of arson as Level 4 felonies. He pled guilty to both counts and was sentenced to consecutive sentences of six years each, with five years executed and seven years suspended to probation. Aquino now appeals.

## Discussion and Decision

Rule 7 of the Rules of Appellate Procedure provides "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Taylor v. State*, 891 N.E.2d 155, 162 (Ind. Ct. App. 2008), *trans. denied.* The burden is on the defendant to persuade us that his sentence is inappropriate. *Id*.

Regarding the nature of the offense, the record demonstrates that at approximately 1:15 a.m., when the home's occupants were likely to be asleep and the fire was unlikely to be detected, Aquino set fire to a residence where his son, his son's mother and her grandparents were residing. Had the fire not been timely discovered, it may have resulted in serious injuries or death to all four. After learning that his first attempt had been unsuccessful, Aquino returned with an accelerant to try again. Regarding the nature of the offense, we find the comments of Judge Surbeck at sentencing to be particularly apt:

"There's something about fire that is truly frightening. And, to knowingly do it twice at that hour of the morning, knowing that everyone is in the house is inexcusable." *Sentencing Tr*. at 40.

[9] In regard to the defendant's character, we note this is not the first incident where Aquino has engaged in criminal activity, nor was it the first where his infant son was the victim. In February of 2016, Aquino was alone taking care of his son when the baby stopped breathing and was taken to the hospital. There, hospital personnel discovered that the baby was covered in bruises. The Department of Child Services removed R.A. from Aquino.

[10] Also significant is the fact that Aquino was on bond for conversion when he committed the present offenses. He was later convicted of that offense. Finally, Aquino violated the protective order in this case by having his mother deliver a letter to Morgan.

[11] Looking at the nature of this offense and the character of this defendant, we conclude that Aquino has not carried his burden of persuading this Court that the sentence imposed by the trial court is inappropriate.

[12] Affirmed.

[13] Najam, J., and Brown, J., concur.